UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CARL JOHNSON,

        Plaintiff,

    v.

ANDREW M. SAUL,

        Defendant.

Case No. 20-cv-1159-pp

---

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING THE FILING FEE (DKT. NO. 3)**

---

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying his claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. He also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 3.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that he does not have the ability to pay the filing fee. The plaintiff indicates that he is employed, he is not married, and he has no dependents he is responsible for supporting. Dkt. No. 3 at 1. The plaintiff's employment income is $600 per month, and he lists another source of income of $350 per month from "Twin Bridge Rescue" for "3 months." Id. at 2. It's unclear whether the $350 per

1

month is ongoing income. Against this income, the plaintiff lists expenses of
$655 per month ($360 rent, $30 credit card payments, $265 other household
expenses—phone, TV, utilities). Id. Under other monthly expenses, the plaintiff
lists $30,000 in "school loans," and $8,000 in "unemployment repay." Id. at 3.
The court assumes that these are the total amounts owed, not the plaintiff's
monthly payments. The plaintiff owns a 2000 Chevy Silverado worth
approximately $10,000, he has $3,000 in cash on hand or in a checking or
savings account, and he does not own any other property of value. Id. at 3-4.
The plaintiff states, "[t]he money I have in my checking account is [] some of my
back pay. I need to pay bills." Id. at 4. Even if the $350 per month from Twin
Bridge Rescue is ongoing additional income for the plaintiff, his total monthly
income is only $950, and he must pay his bills and whatever monthly amount
he pays toward his student loans and repayment of his unemployment. The
plaintiff has demonstrated that he cannot pay the $350 filing fee and $50
administrative fee.

The next step is to determine whether the case is frivolous. A case is
frivolous if there is no arguable basis for relief either in law or in fact. Denton v.
Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319,
325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person
may obtain district court review of a final decision of the Commissioner of
Social Security. 42 U.S.C. §405(g). The district court must uphold the
Commissioner's final decision as long as the Commissioner used the correct

2

legal standards and the decision is supported by substantial evidence. <u>See</u>

<u>Roddy v. Astrue</u>, 705 F.3d 631, 636 (7th Cir. 2013).

According to the plaintiff's complaint, he was denied benefits by the

Commissioner of Social Security for lack of disability, he is disabled, and the

conclusions and findings of fact by the Commissioner when denying benefits

are not supported by substantial evidence and are contrary to law and

regulation. Dkt. No. 1 at 1. At this early stage in the case, and based on the

information in the plaintiff's complaint, the court concludes that there may be

a basis in law or in fact for the plaintiff's appeal of the Commissioner's

decision, and that the appeal may have merit, as defined by 28 U.S.C.

§1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without

prepaying the filing fee. Dkt. No. 3.

Dated in Milwaukee, Wisconsin this 29th day of July, 2020.

BY THE COURT:

_____

**HON. PAMELA PEPPER**
**Chief United States District Judge**

3